## Golab v. Romig

*Martin J. Coyne,* for plaintiff.
*Howard Yarus,* for defendant.

DIEFENDERFER, J., April 23, 1951.—This case is instituted in trespass by plaintiff against Harvey E. Romig, defendant, for alleged damages as the result of a collision at the intersection of Fifteenth and Walnut Streets on September 21, 1949. A counterclaim was filed by defendant. The jury rendered a verdict in favor of plaintiff for $1,008.27. Defendant then filed motions for judgment notwithstanding the verdict and for a new trial. Defendant does not in his briefs mention or discuss judgment notwithstanding the verdict nor the second, third, fourth and fifth reasons filed for defendant's motions for a new trial.

The court is therefore considering only the first reason filed in support of motion for a new trial and the others will not be considered.

The question therefore arises as to whether the trial

judge committed error or prejudicial error to defendant in refusing to allow Sergeant Norman W. Grim, a member of the Allentown Police Department, to read from his report or to refresh his recollection from this report which he took at police headquarters after the accident and pursuant to the provisions of section 1214 of The Vehicle Code and section 4 of chapter 18 of the Code of Ordinances of the City of Allentown.

The sergeant received and recorded the statements of the parties to this suit on an official accident report form of the police department. The data contained on this form was inconsistent with the statements made at the trial of the case.

Section 4 of chapter 18 of the Code of Ordinances of the City of Allentown reads as follows:

"The operator of any motor vehicle involved in an accident within the City of Allentown, resulting in injuries or death to any person or a total property damage to an apparent extent of $50.00 or more, shall immediately make a report of such accident to the Bureau of Police, City of Allentown. *Said Bureau of Police will then furnish state forms for the reporting of such accident to the state.* If the operator is physically incapable, as a result of the accident, of making a report, it shall be the duty of any other participant in the accident who is not incapacitated, as a result of the accident, to make such report. Nothing herein contained shall exempt any operator involved in an accident of the reporting of such accident to the state."

Section 1214 of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §761(a) and 75 PS §761(a)1, reads in part as follows:

"Section 1214—Duty to Report Accidents

"(a) The operator of any motor vehicle, involved in an accident resulting in bodily injury or death to any person or damage to the property of any one person in excess of one hundred dollars ($100), shall,

within twenty-four (24) hours, forward a report of such accident to the department, upon forms furnished by the department. If the operator is physically incapable, as a result of the accident, of making a report, it shall be the duty of any other participant in the accident, who is not incapacitated as the result of the accident, to forward such report.

"(1) The department may require operators involved in accidents or police departments to file supplemental reports of accidents, upon forms furnished by the department, whenever the original report is insufficient in the opinion of the secretary. Such report shall be without prejudice, shall be for the information of the department, and shall not be open to public inspection. The fact that such reports have been made shall be admissible in evidence solely to prove a compliance with this act, but no such report, or any part thereof, or statement contained therein, shall be admissible in evidence for any other purpose in any trial, civil or criminal, arising out of such accidents."

Defendant alleges that an accident report made by the City of Allentown is not prohibited under section 1214(a)(1).

After detailed examination of the wording of the local ordinance it is in reality a local clarification of the mechanics whereby the provisions of section 1214(a) of The Vehicle Code are more effectively enforced and more conveniently complied with by motorists. The ordinance first requires the operators of the automobile to report an accident to the local police department and then places a duty upon the police department to furnish the State forms necessary for reporting the accident to the Commonwealth. Substantially, this ordinance is designed primarily to set up locally a uniform method of preparing and forwarding to the Commonwealth the accident reports required by section

1214(*a*) of The Vehicle Code. Since the accident report required by the local ordinance above quoted is actually the same report required by section 1214(*a*) of The Vehicle Code it is difficult to see why the prohibition of section 1214(*a*)1 against the use of accident reports in civil suits does not apply. Certainly the local ordinance cannot, and in fact does not, contravene the provisions of section 1214(*a*)1 and the fact that the local ordinance requires that the accident reports required by section 1214(*a*) for the Commonwealth shall be handled through the local police department, cannot alter in the least the immunity granted to such reports by section 1214(*a*)1. The fact that the local police department, as a matter of practice, prepares at the same time its own accident report form which is then kept on file locally should not be permitted to becloud the immunity granted by section 1214(*a*)1, since to permit the use of the local report would be to render the prohibition of section 1214(*a*)1 wholly meaningless and would defeat the purpose of both the ordinance and section 1214(*a*), namely, to encourage full disclosure of all facts, conditions and causes surrounding motor vehicle accidents with a view toward future administrative action by the municipality and the Commonwealth.

Section 905, as amended, 75 PS §663 provides as follows:

"Local authorities, except as expressly authorized by this act, shall have no power or authority to alter any speed limitations declared in this act, or to enact or enforce any ordinance, rule or regulation contrary to the provisions of this act, . . ."

It therefore appears that any local ordinance requiring accident reports would have to conform identically with the provisions of section 1214 of The Vehicle Code requiring accident reports, either expressly or by interpretation: Commonwealth v. Zahniser, 33 D. & C. 35 (1938). This case is cited only to show the approach

and reasons employed in the opinion are applicable to the present case.

In fact, any other conclusions would have the practical effect of rendering section 1214(a)1 of The Vehicle Code meaningless, since in all cases then where the local ordinance did not prohibit the use of the local accident report as evidence, such a report could be so employed, and the prohibition of section 1214(a)1 completely circumvented. It would destroy the uniformity of regulation which the Zahniser case implied so strongly.

In addition thereto, the common-law rule governing the use as evidence at trial of reports made to a public official in pursuance of a statutory duty, and that, even in the absence of an express prohibition as contained in section 1214(a)1, makes such reports not admissible as evidence at a civil trial. This appears to be the general rule at least: 5 Am. Jur. 849, §625. See Wigmore on Evidence, 3rd ed., vol. III, sec. 2377, p. 761.

The police officer in this case had no particular recollection of the occasion when the parties appeared to report the accident or of their conversation and simply performed a routine task of asking and soliciting information from them to enable him to report the accident report form. Quite obviously this officer could contribute nothing except the information he inserted in the accident report form and consequently the net effect of permitting him to testify would be to permit him to read into evidence the contents of the accident report.

The case of Commonwealth v. Noel, 168 Pa. Superior Ct. 42 (1950), cannot be considered controlling on this case and a written memorandum was permitted to be used because original notice in longhand had been destroyed. Defendant voluntarily made certain statements to an investigating officer in a criminal case. Sergeant Grim was not an investigating officer, but only filled out an accident report.

The court is of the opinion that there was no error committed nor was the alleged error prejudicial to the defendant. To use such a report would be contrary to the spirit and purpose of The Vehicle Code and would in effect be to nullify section 1214 (*a*) 1 of the code.